So if you would call the first case, case number 0 7 5 7 versus Brandon Bailey. May it please the court. My name is John Nowak. I'm an assistant state's attorney representing the people of the state of Illinois in this case. The trial court here abused its discretion in continuing a discovery sanction even when there was no longer a discovery violation. The purpose of discovery sanctions are to compel discovery and that purpose was achieved here. The state tendered the squad car video to the defense in advance of trial. That December 1st sanction barring the officer's testimony about anything that could have been seen on that video resulted because of that failure to tender the video. But that December 1st sanction resulted in the state police two weeks later getting that video to the state's attorney's office and our office quickly turned around and gave a copy to the defense. Defendant had everything before trial. The sanctions here achieved their purpose. Defendant had all discovery before trial. After all, what is the purpose of discovery sanctions to continue once discovery violation has been remedied, once the defendant has all discovery required? Counsel, what about the question of lack of compliance with the court's order? There were several orders that were entered that were not complied with here. They were, Your Honor. And that's why the trial court put in that sanction. And it's because the state police were, it took them time to get it. And in the, the first time that it was ordered was on September 14th. The court, it wasn't in court, the trooper didn't have it. The court continued it to September 23rd. On that date, it was up, this is on the civil side. Still no video. And as a sanction on the civil side, the court again put in the same sanction, said no officer testimony about what could be on that video. Because of the absence of that, the court granted the petition to rescind summary suspension. Was there ever an explanation given to the court before these orders were entered as to why the video wasn't being produced? There was no explanation from the state's police officer. And we could not get anything from them. They were, they, it took them time. And as a penalty for that, there was that sanction. And defendant benefited from it in the sense that he had his, he had his summary suspension rescinded before it even began. And it wasn't until December 1st, when again the trooper came to court without the video. And that is when the court issued this sanction in the criminal side. And that is also the first date the defendant made a speedy trial demand. But later that month, the state police did tender that video and we were able to then quickly get it to the defense, remedying any discovery violation. Therefore, the sanctions that she put in, the judge put in, achieved their purpose. Because what is the purpose other than to compel discovery? This court has held that is the purpose of discovery sanctions. Beyond that purpose, I mean, isn't there a systemic issue here? I mean, this, this issue about producing tapes of this sort has been going on for forever. And it can't be a surprise to the state police that this is going to be asked for, or that this will need to be produced. And this always seems to be red tape, or roadblocks, or the subpoena wasn't given to the right person, or the defense counsel needs to give a blank tape so we can reproduce it. And so isn't there a bit of systemic issue here that should be addressed by the sanction? In general, Your Honor, because here there was that delay, but it actually was actually tendered eventually, the remedy isn't to continue the sanction as if the video was never tendered. So here, continuing the same sanction that was found valid in Gladys, where the video was destroyed and can never be tendered, it's an abuse of discretion to continue that here. If the trial court is concerned about the recalcitrance of the state police in getting these videos in a prompt manner, it certainly has its civil contempt power to bring in someone from the state police or hold the Illinois State Police in contempt of court. But to impede the goal of justice, now the defendant has not been prejudiced at all. Even the trial court recognizes there was no prejudice. If I could interrupt you. Getting back to my original question with regards to an explanation, wasn't the court within its discretion, because we don't know if we had a Gladys situation here in terms of maybe the tape being erased pursuant to departmental rules and regulations. And since there was no explanation provided to the court as to why this tape wasn't being produced, wasn't the court within its discretion in entering the sanction? It was at the time when there was still no video. And that's just it. If this case had gone to trial and there was still no video yet, this would be exactly like Gladys. And that sanction would certainly be valid and stay in effect. The difference here is we know that the video wasn't erased. We know it wasn't destroyed. Because just a few weeks later, the state police found it. And we got it to the defense in advance of trial. He had it, a working copy, more than two weeks before the February 10th trial date. That's the difference here. If this case had gone to trial, if we still did not have that video on February 10th, this is just like Gladys. There would be no argument to be made. It would be exercise of proper exercise of discretion. I'm sorry, but the defense never claimed that there was any prejudice to them, did they, or request a continuance of the trial date now that they had gotten the tape? They did not, Your Honor. They did not. Because they got that tape on January 25th. Judge Probst had a conflict that day, so the case was continued to February 10th. So the defense had more than two weeks to view it and had everything available to it. And as the trial court struggled with this, the trial court recognized that really there was really no prejudice to the defense here. The trial court said on the record, it's only been a few months. Defense has everything now. There really hasn't been any money or extra time spent on this case. The speedy trial demand was just on December 1st. And the speedy trial demand came then because there was a pending motion to quash arrest before that. Right. And defense decided to withdraw that motion to quash arrest. When the tape wasn't there. When the tape wasn't there. Because thinking possibly, maybe like Gladys, it will never show up. But it was found. It was preserved. And that's the difference. To have the same sanction here in a case where the video is tender in advance of trial, just a few months after the arrest, to have the same sanction here as in Gladys where the video was destroyed and could never be tendered, is an abusive discretion. Because again, it all comes back to what is the purpose of a discovery sanction. This court has held time and time again, the purpose of discovery sanctions is to compel discovery. If those sanctions are to remain in effect, even once discovery has been caught and complied with, what is the point? What is the point? The trial court should have just dismissed the case at that point right then. Or made clear that even if you find the tape state, this sanction is going to remain in effect. I'm still, even though defense has everything it needs, even though it has that video, has the opportunity to view what happened on that video, even though you'll have the opportunity to cross-examine the officer about what happened on those field sobriety tests, I'm still going to keep that sanction in effect even though you have the tape and all discovery is complied with. There is not a single reported case where that has been allowed. In fact, in this Petru case, the appellate court held in that case that a discovery sanction that was put in effect there, because the state hadn't tendered the names of witnesses in the original complaint, that the bar of their testimony, even though those names were then given before trial to the defense, continuing that sanction even though they were given in advance of trial was an abusive discretion. This court held that once all that discovery had been tendered, those names had been tendered, it was unfair and an abusive discretion for the trial court to continue to bar those witnesses' testimony. And that is the same thing here, Your Honors. It is an abuse of discretion to bar this officer's testimony even though the defense, has the video, had more than two weeks to view it in advance of trial. This court has held that excluding evidence is a harsh and far-reaching sanction as it And that is exactly what happened here. Excluding this evidence, even though there is no longer a discovery violation, is truly an abusive discretion. The trier of fact should be able to hear the officer's full testimony about how this defendant performed on those field sobriety tests and how his driving was. The trier of fact should be able to view the video of that and judge the credibility of the officer's testimony both through direct examination and cross-examination. The defendant has everything here. He has not been prejudiced by this. Sanctions are intended to compel discovery and that has been achieved here. In order for both sides to have a fair trial, this sanction should be rescinded and this court should reverse the Circuit Court's sanction order and remand for further proceedings. Thank you, Counsel. Thank you. Good morning. May it please the Court. My name is Robert Marcus and along with Katie Anderson in the John Marshall Law School Pro Bono Clinic, we represent the defendant appellee, Brandon Bailey. This court needs to send a message. This court cannot write an opinion that condones the state's conduct in this case. If this court does, it will  ramifications go beyond the four corners of this case here. This message will go to all the lawyers, all the judges, and everybody else in the entire state of Illinois. It would say that if the state's conduct was acceptable, that this is how our court should proceed. This case is about the fair administration of justice. Justice delayed is justice denied. But the state argues here that your client was actually benefited by their delay. Your Honor, the state's argument is waived. That was a civil summary suspension issue. As this court is well aware, that is a separate case that follows along. That was the civil case and that was a sanction entered in that civil case. The issue before you today is It is a separate case, but the facts got so intertwined. And the judge referred to the statutory summary suspension also in the criminal case. The delay in the civil case seemed to add to the sanction. It was part of her sanction originally, that the delay had happened from the get-go. In our system, there's the 30-day time limit on the civil summary suspension. The way our court system is set up, it's the same courtroom, the same file, the same judges. And these judges at the same time were having two intermixed conversations. And on the 30th day when the summary suspension was not complied with, there was a sanction entered in that case. But let's not forget that it was still another five months later that the state's conduct continued. There were subpoenas issued. Judge Probst issued a written order to have the Illinois State Police Trooper, keeper of records to appear or to have the discovery there. She gave them over a two-month date to be able to comply with that request. We come back in December. Nobody from the Illinois State Police is there. Nobody has delivered the video. On another court date, the state trooper is in court. And she says the video is on its way. The cases are called at 9 o'clock. Where's the prejudice to your client? The prejudice is twofold, Your Honor. Number one, the prejudice was merely having a charge pending against him for a period of time. Courts have recognized that that prejudice is the client. Furthermore, when I did... I did demand trial, Your Honor. And I did ultimately demand trial on December 1st. We are always in a trick bag on the defense side because if we demand trial on the first day without all the evidence, we may not be doing justice to our client. So we give the state ample opportunity. And once the state was not going to comply, we filed a demand for speedy trial and withdrew the motion to quash at that point. That's what we were faced to do in this case. And it's important in this case... Well, you indicated your prejudice was twofold. What's the second? Secondly, there's monetary damages for continuing to go into court, have an attorney paid for it, go to court. I actually asked at Judge Probst when the state brought forth to reconsider to ask for monetary damages as an option. And she denied those monetary damages. And she felt that the sanction that she entered was fair and appropriate based on the conduct in this case. She was actually floored by the fact that a video actually existed. When you read through the record here, I was tendered a blank video at one point, even being advanced to come to court. And I asked the state's attorney, have you seen this video? What is it? He acknowledges that he had not even watched the video, did not know. Yet he issues a motion to advance the case that I come down to court for to get this blank video. The state failed to comply with numerous discovery requests, numerous court orders. The Illinois State Police, by Judge Gubin, was told in open court, you need to comply with these things. You need to help. The state trooper is in court, makes announcements to please wait for the video. We wait until after 10.30, 11 o'clock one morning. Still no video arrives. These conduct is not acceptable. You can't... Furthermore, at one point, there's a representation made to the judge that they did all they can. And when Judge Probst presses the state to read the note in the file left by the state's attorney, it says, judge not ready, need video. The judge was ready that day, the defense was ready. It was the state that was not ready. That was an inaccurate representation. The state needs to be held to the same standard as all the other attorneys and the defense bars in this state. The reason we have discovery is we want discovery complied with. They can't blame the defense. They can't blame the judges. But here they argue that it wasn't really within their control because it was property of the Illinois State Police. It's well established, Your Honor, that the Illinois State Police is an agent of the Illinois State's Attorney's Office. The Illinois State's Attorney's Office has investigators. They can send investigators to the state police. They can send subpoenas. There's not one shred of evidence to what they finally did anything until after a sanction occurred and then they tend to a blank video. The state is also under a duty to discover this information and turn it over to the defense. I'm sorry, but I'm going back into my head as to what you said were your prejudices to the defense. Is there a case that says that if the defendant is tried within the term, that if there's a delay, that that's a prejudice to him? Is there a case that says his lawyer has to come to court and maybe he has to get paid, so that's prejudice to the defendant's right to a fair trial? I am unfamiliar with a case that states that, Your Honor, but I am familiar with several cases that the court has the inherent authority to control their own document. Yeah, I understand, but you claimed it was prejudice to your client. I sat in criminal court for 22 years. I know the state didn't turn over things. I know the defense didn't turn over things. And there was never a case, if it was the day of trial, that the defense came in with evidence or witness that I prohibited them from doing it. I say, okay, we're going to take a date if the state needs time. And the same thing for the defense. If the state failed to do something and then at the last minute they did it, then I say, defense, do you need more time to deal with this? I never excluded evidence because it was part of the truth-seeking process. That's why I'm asking you, is there a case that supports the position that you're taking, that your client was prejudiced when you had this material before trial? I'm unfamiliar with the case, but in this case, Your Honor, on the date when Judge Probst ruled on the motion to proceed to trial that day, the state could have called the witnesses that were available. And they could have then saved the appeal for later. The state chose not to continue that day. You mean try their case without the major evidence in the case? Well, there was... I couldn't testify to what they saw on the video. In this case, and as recognized in Cladis, the similarity to Cladis is there's a lot of information that's not captured on a video. And having tried several DUI cases, I've lost several cases because of the facts that are revealed outside of the video. Conduct that occurs at the station. The defendant is unable to walk. They fall down. All this conduct was not barred. It was just the simple information of what was captured on the video. And Cladis holds that the state's case can still proceed, and it is not tantamount to a dismissal when this limited sanction is put into place. But it's not a limited sanction. It was pretty broad. It certainly would greatly hamper the state's case. The state's conduct in this case, while there are some similarities, actually the facts in this case, in my opinion, are extremely worse than Cladis. In Cladis, there was an inadvertent, accidental destruction of the video. Here, we had continued flagrant and willful noncompliance with discovery for no explainable reason. It went on, court date after court date. Also, unlike in Cladis, in this case, we issued a subpoena. Unlike in Cladis, in this case, the judge entered court orders for Illinois State Troopers to appear. Unlike in Cladis, the judges in this case explained to the Illinois State Police who came to court, you need to bring this information next time. Yet every court date was the same thing, where a month later the case continues and there is no change and no explanation. Counsel, I have a question about the summary suspension hearing. Did it proceed on the date it was scheduled? The date it was scheduled, the sanction was entered, and the summary suspension hearing did not proceed. So then for your client's license was tendered back, correct? Correct. And that was the civil summary suspension hearing. So there was no delay with the summary suspension hearing as a result of the tape? Correct. And in our busy docket system, it's quite unfortunate at times there are some items on a call that the ends of the results are there and for judicial economy, but it's important to remember that's not the issue in this case. That was the civil case and the state chose not to appeal that. And they had their right and remedy to appeal that, but they specifically never appealed that sanction in the civil summary suspension. And there was a separate sanction issued in this case over two months later. It was in December. That summary suspension was in September. And we went all the way until December, giving the state over two and a half months to tender this video before Judge Probst entered a sanction. It was not the same day. Are we to take into consideration, going back to your original argument when you began, the message beyond the case? I think that's very important in this case to take on the message beyond this case. Is there a case that tells us that we can do that? No, but there are several cases that say you can compel lawyers to follow the rules of procedure, lawyers to follow the rules of discovery, lawyers to comply with court orders. Isn't that what the trial court did here, though? They did. And they got no results. Yes, they did get the results. The result did not occur until after the sanction was entered and after the counsel. We know. I mean, we've read the record. There was a sanction issued. There was noncompliance. And then there was compliance. And then the sanction was not lifted. There couldn't have been a sanction. I mean, there couldn't have been a compliance after a noncompliance without the sanction. So, I mean, we know that. The conduct, even though they eventually tender the video, even the conduct after the sanction is sanctionable conduct. Tendering a blank video, advancing a case without even watching the video. I asked the state's attorney on the record, have you played this? Have you seen it? His answer was no. I go back to my office and I play a blank video. There was no reason to ask me to come to court that day. So what is the relief that you're seeking here from this court? I'm asking the court to uphold the trial court and say that she did not abuse her discretion. In this case here, there was a noncompliance with multiple discovery requests, multiple court orders. If the state knows and the state police knows that they need to timely comply with these orders, that will help future compliance. Not only can sanctions be curative in nature, they can also be punitive and encourage future compliance by everybody. And here we have willful and flagrant disregard for court orders, for discovery procedures. People are commenting that the judiciary is not moving cases along. We do on the defense counsel all we can to move cases along on as fast a pace as we can. And when we do everything possible and the state doesn't comply, that's unacceptable. The trial court examined other possible sanctions that they could have placed. And after the hearing, when she reconsidered, she believed based on the conduct and the lack of compliance of the state in this case, the sanction was still appropriate. And for those reasons, we say it was not. We say it was not an abuse of discretion. And for those reasons, we ask that you affirm what the trial court did. Thank you. A couple minutes for rebuttal. May it please the court, the message that will go out if this court affirms this sanction is that it will be hopeless and pointless to continue to search for a video as soon as that sanction order comes down. Of course, that makes no sense, because the whole point of sanctions is to compel discovery. The message that will be sent here by reversing this case and allowing the trier of fact to hear all of the evidence, including the video the defendant has in advance of trial, the message will be comply with discovery, comply with discovery, do what you can to find that video before trial. CLATOS already sends the message as to what happens if that case goes to trial without the video. The sanction stays in place and there will be no testimony from the officer about that. Defendant argues that these are separate cases, but then goes on to focus almost entirely on the delay on the civil side. Defendant doesn't make a demand for speedy trial in the criminal case until December 1st, and that is also the first date that the trial court puts in this sanction in the criminal side. Later that month, just a few weeks later, is when the state police get the video to the state's attorney's office. The first video, certainly, that we tendered to the defendants without looking at it, turned out to be blank. We got a working copy to them no later than January 25th, which was 16 days before this case was set for trial. And why didn't the state's attorney, why did our office seek to appeal at that point and not go to trial on February 10th? Because without that officer's testimony about what the officer observed during those field sobriety tests would result in, it's the crux of the case. It cannot be proven guilty beyond a reasonable doubt of driving out the influence without that. That is precisely... So isn't it important to get those tapes into the hands of the defense counsel as soon as possible? Absolutely, Your Honor. When you're faced with court orders and clear directions... And that's exactly what happened here, is there was the court orders in the civil side, there was still no video at the time of the summary suspension hearing on September 23rd, and that is why the trial court granted the petition to rescind. Because there could be no officer testimony about the defendant's performance on those field sobriety tests. That was the penalty to the state. We didn't seek to appeal that because that was the right decision by the trial court. There was no video at that time. But counsel, we still don't know why did it take so many court orders and a court sanction to get this videotape? It's unclear, Your Honor, why the Illinois State Police could not get that to the state's attorney's office in time. Certainly we want that video as quickly as the defense does. So in response to counsel's argument, then maybe this court should send a message. The message is to comply with discovery. And the message included in any order of this court would be that the trial court, if the trial court finds that this is a recurring problem, can certainly exercise its civil contempt powers and hold the state police in contempt of court. Not to forego truth-seeking in this individual case and let justice be denied here in a case where there truly was no prejudice to the defendant. He had this video 16 days before the trial date. He had time to view it. He would have been able to cross-examine the officer about her testimony about his failure on the field sobriety test. And yet, even though discovery was fully complied with, the sanction remained in place. And that truly was an abuse of discretion, Your Honors. Again, as in Petru, continuing a discovery sanction, borrowing a witness's testimony, even though, even once that discovery violation has been remedied, is an abuse of discretion. This court, therefore, for all of these reasons and those in our brief, should reverse the sanction order of the trial court and should remand this case for further proceedings. Thank you, Counsel. Thank you. We'll take the case under advisement.